Now, since the Supreme Court's decision in Taylor v. United States, the Supreme Court has continued to modify and refine the test for when an offense can qualify as a crime of violence, but the overarching principle in all of these cases that have followed Taylor is this. In determining whether an offense qualifies as a crime of violence, we look in the first instance at the statute, not at the facts of the individual case. Now, there's been two recent cases that have refined significantly the analysis that courts must undergo. The first is the DeCamp case, and in that case, the court made clear that before any determination is made, before any other determination is made, the sentencing court has to first determine whether the statute of conviction is divisible or indivisible. And in DeCamp, the court identifies this means versus elements test to determine whether a statute is divisible or indivisible. And what they mean by that is, do we have a statute that sets forth different means of committing one offense, or do we have a statute that's really setting forth several mini-offenses, if you will? Counselor, before we get to that, and maybe I'm just being too persnickety or something, it seems to me that both parties here have agreed that subsection E criminalizes conduct which does not involve the use, attempted use, or threatened use of physical force, right? That's correct, Your Honor. And I think that's the first test, because we've got to find out whether it does. So then at that point, it's not categorically a crime of violence, right? That's correct. And then after we get to that point, then we get to what you're talking about, which is the divisibility. That's correct. And the government has conceded... The government's on board, the parties are on board. If we look at this statute to where we do not have conduct which does not, we don't have conduct that meets that, and so therefore, we have to look at the divisibility, correct? That's correct. I just wanted to make sure that you were with me on that, because we've got to follow that first step in order to get to the divisibility issue. That's correct. All right. And the government has conceded that. And the government concedes it, and therefore, we're at divisibility. That's correct. And moving on to the Mathis case. In Mathis, what the court said was that in making this determination, the sentencing court has to look first to state law. And so this case here boils down essentially to a single question, and that is, what does Washington have to say about its own second-degree assault statute? Now, Mathis gives us a roadmap for determining when a statute lists elements or means. The first question, of course, is, did the state court definitively answer the question? And the answer to that is yes. In State v. Smith, the Washington Supreme Court was discussing the second-degree assault statute and said, this statute articulates a single criminal offense with six subsections, each representing an alternative means of committing the offense. So Mathis instructs us, when a ruling of that kind exists, there is your answer. A sentencing judge need only follow what the state says. Now, the government has argued— First, the government comes back with fuller, correct? Yes. The government does, and I'll touch on the fuller case. The government has argued that when Washington uses the term alternative means, that they really mean elements. But subsequent decisions from the Washington Supreme Court demonstrate that that's not the case. And I would draw the Court's attention first to the Woodland case, which just came out, in which the Washington Supreme Court recognized explicitly that when a statute contains a set of prohibitive behaviors, it can do so either as a list of distinct offenses or as a single offense with one or more alternative means. That sounds exactly like what DeCamp and Mathis are talking about. So I think the Washington Supreme Court recognizes the distinction between the two. So they were channeling DeCamp and Mathis, like, long in advance in order to make this dichotomy. They didn't explicitly mention DeCamp and Mathis. Well, they could have. Well, no, this just came— This one, but I'm talking way back. Smith. They used the word means. Smith uses the word means, and it appears it means the same thing as later DeCamp and Mathis used in terms of that phrase. Correct? Correct, and I think the Woodland case says that explicitly. Now, turning to the Fuller case, in the Fuller case, what you had was kind of an unusual situation, in that you had a state prosecutor who charged in separate charges two of the alternative means, and the jury acquitted on one of the alternative means and deadlocked on the other. The state then wanted to retry the defendant on the one on which the jury deadlocked, and the defendant said, wait, can't do that. That's double jeopardy. Now, the Washington Supreme Court said, no, that's not double jeopardy, because they're alternative means of committing the same offense. In other words, second-degree assault is one offense. If you happen to be acquitted of one way of committing the offense, that doesn't change anything in terms of double jeopardy. And I think that case is significant for the reason that if, in fact, these had been elemental, that each subsection set forth different elements, there would be a different kind of answer to the question of, is this double jeopardy? Because, obviously, if they're two separate offenses, then there's no double jeopardy in retrying the offense of which the defendant was not acquitted, where there was deadlock. But that's not the way the court analyzed the case. The court didn't say, well, they're two different offenses, no double jeopardy problem here. The court said, no, they're different means of committing the same offense. And I think if you take a simple case like, say, a battery statute that says you can be guilty of battery if you kick, shove, spit on, punch a person, and the prosecutor, for some reason, chooses to charge each of those as separate offenses, the fact that you may be acquitted of shoving or hitting the person doesn't mean that you didn't commit a battery. And that's the same analysis that the court undertook in Fuller. The court said the fact that you were acquitted of one means of committing a second-degree assault doesn't mean that you can't be guilty of another means. And for that reason, the court said, there's no double jeopardy problem here. Now, Mathis also mentioned... I guess looking at also DeCamps and Mathis, it seems to me that one might also look at the jury instructions from Washington. That's correct, and the jury instructions specifically contemplate that you can be charged with two different means of committing second-degree assault, but significantly they don't require jury unanimity. And that's an important factor to be looking at, because if, in fact, these were different elements, then the defendant would be entitled, constitutionally entitled, to a jury unanimity instruction on those. And the court has said repeatedly that in a second-degree assault case, a defendant is not entitled to a jury unanimity instruction, and that there is no right to be found guilty beyond a reasonable doubt on each subsection. Did you want to reserve your remaining time for rebuttal? Yes, Your Honor. Thank you. Mr. Morgan. Good morning, Your Honors. May it please the Court. Michael Morgan for the United States. The divisibility issue briefed in the case is actually not in play in any of the cases that are before Your Honors, and that is for a very simple reason. Beginning with Taylor and as most recently articulated in Mathis, the categorical inquiry focuses on, quote, the elements of the statute of conviction. Mr. Robinson was convicted not of violating the second-degree assault statute as a whole. He was convicted of violating a particular provision. And in fact, as a matter of Washington law, you can't figure out what the elements of second-degree assault are unless you look at the particular subsection that has been charged. There is no crime of second-degree assault in a vacuum. You have to, and as a matter of Washington State pleading, you have to articulate the essential elements of the offense. So in Mr. Robinson's case, to charge a viable offense, they had to articulate the essential elements. And the essential elements in Mr. Robinson's case were an assault, an intentional assault that resulted in significant bodily harm. Those are the elements of the offense with which Mr. Robinson was convicted. And it's that statute, subsection 1A, that has to be the focus of whether or not it's overbroad. That particular provision, as this Court held in Lawrence, is not overbroad. So this is not a case where there is some ambiguity in the judgment of conviction about how the defendant was charged. For example, if the defendant had — if the judgment had just said assault in the second degree, didn't mention the statute, didn't mention any particular subsection, then there would be a divisibility issue, because then you would need to figure out if you could go look at the Shepard documents, perhaps the information, to see which particular subsection was charged. But that's not the case here, and that's not the case in any of the other cases. We — what we have here is a particularized charging instrument. So the offense of conviction is subsection 1A. And again, you have to look at subsection 1A to figure out what the elements are. Washington has never defined its second-degree assault statute as an assault plus something else. That's not how they define it. That's not how the jury instructions define it. The jury — each particular subsection has its own set of separate elements. I mean, they are, to use this Court's language from Rendon, they are, quote, unquote, functionally separate crimes. To the language of DeCamps, they are alternative versions of the crime. The fact that Washington legislature chose to codify second-degree assault in one statute doesn't change the fact that each particular subsection has its own independent elements that must be proven if that's charged. And, like, in this case, had Mr. Robinson gone to trial, there's no question that the State would have been required to prove an intentional assault and the substantial bodily harm. They couldn't rely on some uncharged provision of the statute. So I think that we're putting the cart before the horse here when we talk about divisibility. To the extent that — Well, it's my understanding, and I guess you can lead me through your argument, it's my understanding that you have stipulated to the fact that if you're charged under E, that there could be conduct which is not according to the federal statute. In other words, it's not that under E, you could have conduct which is — which does not involve the use, attempted use, or threatened use of physical force. Do you agree with that? I do agree with that. So it seems to me, then, categorically, E would not be a crime of violence. E would not be a crime of violence, but there's two issues here. One, obviously, Mr. Robinson wasn't charged with E. But more importantly, the conviction — the judgment of conviction makes clear that this was a — this was a prosecution under a particularized part of the statute. It seems to me that all you're suggesting is because the whole of 1, including E, doesn't criminalize that, that the fact that he was only charged with C, that that makes a difference? Yes. And I say that because the categorical inquiry focuses on, quote, unquote, the elements of the statute of conviction. And again, you can't figure out what the elements of the statute of conviction are unless you look at the subsection. Washington does not define assault in the second degree as an assault plus something, and then it can be any of these things. It has functionally seven separate crimes of second-degree assault. I guess that's the reason I questioned you just a little bit. If you're suggesting that the whole section, which is 9A-36-021-1, cannot be and I can charge you with any one of the ones from A through F and still have assault and the punishment doesn't change and the jury doesn't even have to agree as to what it is they're charged with or doesn't even have to unanimously agree with what the charge is, then I'm trying to understand your argument. If it seems to me that you pass in the night the actual, if you will, analysis I've got to make, if you're going to agree that, one, absolutely there's no categorical match, and then you're going to say then the next thing you've got to say is in order to get to the categorical match, you've got to have a divisible statute. That's what the cases say. Well, Your Honor, I think it's a question of first premise. When Mathis and Taylor say the elements of the statute of conviction, statute of conviction, are they talking about the statute as a whole? Are they talking about the particularized statute that's charged? That seems to me to be the nub of your whole argument, and that is if, make sure I understand it, and that is because a particular subsection was charged that you don't have the issue raised at that point as to what wasn't charged and what might have gone beyond a generic statute. Is that a fair statement? That's correct, and I would point out. But then if that's your argument, it doesn't seem to me that your stipulation, that that is not a categorical match. Well, the government. In the face of that argument you're making. I don't think so, Your Honor, because the government is making two arguments. The government is making the first argument that you don't need to get to divisibility because the divisibility inquiry, or I shouldn't say the divisibility inquiry, the overbreadth inquiry focuses on 1A, not 1, 1A, because in Mr. Robinson's case, 1A was charged. And that, and you have to look at 1A to figure out what the elements of the statute of conviction are. The alternative argument is if you don't agree with that and you say the statute of conviction is the statute as a whole, the government would agree that the statute as a whole is overbroad. But we would argue that it is divisible because if you actually parse the Washington cases, Your Honor asks, does Washington use means the way Mathis means? And they absolutely do not. A means under Mathis is a fact, a fact. To take an example, assault with a deadly weapon, it would be the fact of what type of weapon. That's what a means is for Mathis. Alternative means, as they use it in Washington, are essentially elements of a crime. They're talking about the difference between assault resulting in substantial bodily injury or assault with a deadly weapon. That's what they're talking about. They're talking about what are definitionally separate crimes. They all have different elements, different mens rea, different actus reas for all those seven subsections. It's not a singular offense. Well, if we disagree with you on your second premise, I just want to go back to the first one. Your first premise is if you're charged under 1A, you're home free from all this analysis, right? That's correct. And what's your best support for that analysis? Well, there are two. I've been able to find two, and I should back up it. Because that is a more novel. I mean, that does not fit into this whole trend on, you know. It short circuits the whole process. And I would point out that there are two cases from this court, United States versus Willis and United States versus Saigon Gallegos, both of which are cited in our briefs, in which the court focuses. There were similarly structured statutes, i.e., they were a statute that had a 1A and a 1B. Saigon Gallegos was Arizona's aggravated assault, and I think it had nine different subsections. And Willis was an Oregon statute that had two separate subsections, 1A and 1B. And when the court did its divisibility analysis, it didn't concern itself with B or the other uncharged sections. It focused on the charged subsection. And that follows when you, again, it follows from the language of Taylor and Mathis, that you're looking at the elements of the statute of conviction. You're not convicted of some of this second-degree assault as a whole with no specificity. Again, as a matter of Washington law, you can't figure out what the elements of that crime are without that. And I see that my time is up, but I have ten more minutes coming. Thank you. Thank you, Your Honors. Just a few points. The government is still arguing functionally that this is a divisible statute. That's what the argument that they've made right now is, is that these are separate offenses, and that is completely contrary to what the Washington courts have said. But more importantly, DeCamp and Mathis say, you don't even reach the case file until you've looked at the statute and determined, one, whether it's overbroad, and, two, whether it's divisible or indivisible. So it's actually the government. You would argue, well, pick one, 1A, for example, and start marching through them. And 1A stands on its own two feet. And then he cites two cases from the circuit that have taken a little bit different approach. What is your response to that? My response to that is that the prosecutor can't control whether an offense is, the prosecutor's charging decision can't control whether an offense is a crime of violence or not. And we don't even get to look at the case file until we've made the analysis about the statute. Taylor has, in all of the cases that followed, have said, this is not about the particular facts of a case. It's not about the particular circumstance of the case. It's whether the crime itself, whether the statute defines a crime of violence or not. So I think it's the government who's put the cart before the horse, not the defense. This Court has also made clear that since DeCamp, you don't get to do this analysis. Is it your position that the government can't charge 1A? It has to charge 1? I think that the government, that the Court can't look at what this particular charge was until they've conducted the analysis under Mathis and DeCamp. What about your learned friend's citations of the statute of conviction? The statute of conviction here was a 1A, was it not? And I would argue that the statute of conviction is not 1A. The statute of conviction is second-degree assault. Why? I mean, 1A was the particular means by which, under that statute, yes. But the statute of conviction is not the particular subsection. The statute of conviction is second-degree assault. Do we have any authority for interpreting the statute of conviction to be anything other than what is charged in the indictment? I believe I cited some cases in my brief which say that you have to first determine whether the statute is divisible or not. And I don't have those citations at the tip of my fingers. But in my brief, what I noted is that this Court has said that since DeCamp and Mathis, you don't get to make that analysis until you determine whether the statute is overbroad and then whether it's divisible or indivisible. And it would be backwards to look at the case file and determine which particular subsection someone was convicted of. You can look to the case file to find out what statute is mentioned but not the particular statute charged. That's correct. It's one statute, and the Washington Supreme Court has made clear it's one statute that can be committed by different means. And it shouldn't be that the prosecutor gets to determine whether it's a crime of violence or not by their charging decision. That's what Taylor, in every case after that, has said. It's about the statute. And the reason for that is that we don't want these kind of arbitrary distinctions between defendants based on things like what the prosecutor charged or what the underlying facts charged might have been and what kinds of plea decisions the defendant makes. That's not what the federal courts are getting into. The federal courts are looking at the statute itself and making a determination. Thank you, Your Honors. Thank you both for your argument. United States v. Robinson is submitted. We'll now hear argument in United States v. Slade.
judges: McKeown, Bea, N.R. Smith